UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN P. GRIFFIN,<br><br>               Plaintiff,<br><br>   v.<br><br>SKILS KIN PAYEE SERVICE,<br><br>               Defendant. | NO. 2:16-CV-00273-JLQ<br><br>ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND BASELESS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

     On July 26, 2016, Plaintiff submitted his *pro se* Complaint along with an Application to Proceed *In Forma Pauperis*. *See* (ECF No. 1); (ECF No. 2). Magistrate Judge Rodgers initially denied his application to proceed *in forma pauperis*, but later accepted his application notwithstanding the fact Plaintiff has "repeatedly refused to comply with the Court's directive to provide additional information in part 9 of the application, regarding Plaintiff's other pending cases." (ECF No. 8). Magistrate Judge Rodgers set the matter for screening by this court pursuant to 28 U.S.C. § 1915(e)(2).

     Although the caption names the Wolfe Apartments as a party, Skils Kin Payee Service is the only named Defendant within the body of the Complaint. *See* (ECF No. 9 at 2). Plaintiff alleged his civil rights were violated because an employee of Skils Kin Payee Service stopped paying Plaintiff's cell phone bill and he was forced to pay it himself. (ECF No. 9 at 6). Plaintiff asserted he and other veterans "are being robbed" by employees of Skils Kin. (ECF No. 9 at 4). Plaintiff also alleged the Wolfe Apartments "are filled with bed bugs and roaches." (ECF No. 9 at 4). Rather than asserting a provided ground for jurisdiction, Plaintiff wrote "National Security comes before my right to due process." (ECF No. 9 at 3). For these alleged civil rights violations, Plaintiff seeks "$995 trillion dollars" in damages. (ECF No. 9 at 7).

ORDER - 1

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) stating the statute applies to all persons, not just prisoners). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." (*Id.*). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." (*Id.* at 570).

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33

(1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id.*) (quoting *Neitzke*, 490 U.S. at 327).

In considering a *pro se* complaint which fails to state a claim as presented, the court should allow leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) a person acting under color of state law (2) committed an act that deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To establish liability pursuant to 42 U.S.C. § 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim the plaintiff failed to plead. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's factual allegations are baseless and frivolous. It is wholly implausible to file a federal lawsuit because the Defendant would not pay a cell phone bill for the Plaintiff. The court is unaware of any protected constitutional right to own a cell phone and have someone pay the bill for the person. Additionally, the condition of privately

owned apartments does not raise a plausible civil rights claim. These findings are illustrated by Plaintiff not asserting a valid basis for federal jurisdiction. The court finds the Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court also observes Plaintiff has eight other cases pending which contain similar allegations of a sparse, conclusory, and fanciful nature. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. Plaintiff is warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). This court is considering initiating such a process in light of Plaintiff's conduct and allegations in all of the pending cases, including the instant matter.

**IT IS HEREBY ORDERED**:

1. The Complaint (ECF No. 9) and the claims therein are **DISMISSED WITH PREJUDICE** based on the court's finding the claims and factual allegations contained therein are frivolous and baseless.
2. The Clerk is directed to enter judgment of dismissal of the Complaint (ECF No. 9) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees awarded to any party.

**IT IS SO ORDERED**. The Clerk is directed to enter this Order and Judgment, furnish copies to Mr. Griffin, and close this file.

Dated October 14, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4